IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JACQUELINE CROW and MACKENZIE COOLEY, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SCHUYLER COUNTY SHERIFF'S OFFICE, a municipal corporation, <br><br> Defendant. | No. 2023 _____ |

## CLASS ACTION COMPLAINT

Plaintiffs, JACQUELINE CROW and MACKENZIE COOLEY, individually, and on behalf of themselves and all others similarly situated, by and through their attorneys, FREIBERG LAW OFFICES and MEYER & KISS, LLC, complaining of the Defendant, SCHUYLER COUNTY SHERIFF'S OFFICE, a municipal corporation, and for their Complaint, state as follows:

## JURISDICTION AND VENUE

1. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## PARTIES

3. Plaintiff, JACQUELINE CROW, is a resident of Rushville, Schuyler County, Illinois.

4. Plaintiff, MACKENZIE COOLEY, is a resident of Charleston, Coles County, Illinois.

5. Defendant, SCHULYER COUNTY SHERIFF'S OFFICE, is a municipal corporation located in Schuyler County, Illinois, and has general administrative authority over the operations of the Schuyler County Jail, including its pre-trial detention holding facility.

## NATURE OF THE CASE

6. This is an action for money damages and declaratory relief brought pursuant to 42 U.S.C. § 1983. Plaintiffs, individually and on behalf of the class they seek to represent, allege violations of their rights under the Fourth Amendment of the United States Constitution.

7. This proposed class-action lawsuit is based on the Schuyler County Sheriff's Office's lock-up-facility configuration that requires female detainees and male detainees such as the Plaintiffs to expose their naked bodies, breasts and genitals to the male and female Schuyler County Jail's employees and/or other detainees each and every time they use the shower.

8. Defendant, Schuyler County Sheriff's Office, is a municipal corporation and is being sued based on a Monell theory of liability based on the policies, practices and procedures referenced in this Complaint.

9. On or around May 23, 2023, Plaintiff, Mackenzie Cooley, was arrested by one or more Schuyler County Sheriff's officers and taken to the Schuyler County Sheriff's lock-up facilities.

10. Plaintiff, Mackenzie Cooley, was continuously held at the Schuyler County Sheriff's lock-up facilities from May 23, 2023, upon information and belief, until July 3, 2023, where she was then assigned to an in-patient treatment center.

11. On May 19, 2023, Plaintiff, Jacqueline Crow, was arrested by one or more Schuyler County Sheriff's officers, and taken to the Schuyler County Sheriff's lock-up facilities.

12. Plaintiff, Jacqueline Crow, was continuously held at the Schuyler County Sheriff's lock-up facilities from May 19, 2023 to, upon information and belief, June 5, 2023, when she posted bond and was released.

13. During the time periods when the Plaintiffs were in the custody of the Schuyler County Sheriff's Office, the Plaintiffs had no choice but to use the shower facilities in the county jail, described below, all of which had the same configuration and resulted in the exposure of their naked bodies, breasts and genitals to the male and female Schuyler County Jail's employees and/or other detainees each and every time they used the shower.

14. During their time in custody, the Plaintiffs were segregated from arrestees of the opposite sex. However, the only available showers for use were the showers that every other arrestee had to use.

15. The showers are situated in such a way that other arrestees and both male and female Schuyler County Sheriff's lock-up employees could see inmates showering, thus allowing the Schuyler County Sheriff's lock-up employees and/or arrestees to see the exposed naked bodies, breasts and genitals of the Plaintiffs.

16. Moreover, upon information, there is a permanent, fixed 24-hour, 7-day-a-week video camera, viewed and monitored by Schuyler County Sheriff's lock-up employees, that allowed the Schuyler County Sheriff's lock-up keepers to view the Plaintiffs while they

used the showers, with their naked bodies, breasts and genitals exposed to the male and female lock-up employees.

17. Thus, in order to use the shower during the time periods when the Plaintiffs were in custody, they were forced to expose their naked bodies, breasts and genitals to the male and female Schuyler County Sheriff's lock-up employees and/or arrestees of the opposite sex.

18. There is no penological or other legal justification for the above practice.

19. Each Plaintiff suffered harm from the actions of the Defendant, including but not limited to, stress, humiliation and other emotional damages from the exposure and/or potential exposure of their naked bodies, breasts and genitals to Schuyler County Sheriff employees and/or arrestees of the opposite sex, as well as the emotional and physical pain and discomfort they experienced from attempting to delay using the shower facilities for as long as they could, due to their desire not to have to expose themselves to jail staff.

20. Defendant, Schuyler County Sheriff's Office, is the party responsible for ensuring the health, welfare, privacy and safety of the Plaintiffs while they were in the custody of the Schuyler County Sheriff's Office and the Schuyler County Jail.

21. Nevertheless, the Schuyler County Sheriff's Office set forth policies and procedures whereby Schuyler County Sheriff's Office lock-up employees and arrestees of the opposite sex could – and did – view the Plaintiffs' exposed naked bodies, breasts and genitals while they were using the shower inside of the jail facilities.

22. Count I is brought as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant, Schuyler County Sheriff's Office, has acted on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole on Count I of this Complaint. Plaintiffs seek to represent a

class of similarly situated female Schuyler County Sheriff's Office lock-up facility detainees who were or will be detained at the Schuyler County Sheriff's Office lock-up facility, and damages and declaratory relief against Defendant, Schuyler County Sheriff's Office, on behalf of the class.

## CLASS ALLEGATIONS

23. Pursuant to Fed. R. Civ. P. 23(b)(2), the named Plaintiffs seek certification of Count I of this Complaint as a class action. The named Plaintiffs seek to represent a class consisting of: All females who were or will be in the future detained at the Schuyler County Sheriff's Office lock-up facility who used or will use the shower facilities while in detention.

24. The Plaintiff Class seeks a declaration that Defendant Schuyler County Sheriff's Office's policy and practice of forcing female lock-up detainees to expose their naked bodies, breast and genitals to Schuyler County Sheriff's Office lock-up employees and arrestees of the opposite sex is unconstitutional because it results in routine violations of class members' Fourth Amendment right to be free from unreasonable searches and seizures, including their right to privacy.

25. The Plaintiff Class also seeks an order declaring that Defendant Schuyler County Sheriff's Office's policy and practice of forcing female lock-up detainees to expose their naked bodies, breast and genitals to Schuyler County Sheriff's Office lock-up employees and arrestees of the opposite sex is unconstitutional, in violation of the female detainees' Fourth Amendment rights.

26. The proposed class is numerous. It is estimated that there are from five (5) to fifteen (15) female detainees held at the Schuyler County Sheriff's lock-up facility on a daily basis, and the Plaintiffs seek to represent a two-year class of past female detainees, as well as

future detainees until remedial action is taken. This class would represent hundreds or thousands of individuals.

27. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is also constantly changing, since every day there are more potential class members exposed to the Schuyler County Sheriff's Office's unconstitutional lock-up facility configuration, where they are forced to expose themselves to jail staff in order to use the shower.

28. There are questions of law and fact common to all class members. All individuals falling within the class definition have been subject to the same policy and practice. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and/or money damages judgment would provide relief to each member of the class.

29. Defendant Schuyler County Sheriff's Office, has acted and continues to act in a manner adverse to the rights of the proposed class, making final declaratory relief appropriate with respect to the class as a whole.

30. Plaintiffs and the class they seek to represent have been directly injured by Defendant Schuyler County Sheriff's Office's policies and practices and members of the class are currently at risk of future harm from the continuation of these policies and practices.

31. Plaintiffs will fairly and adequately represent the interests of the class and the Plaintiffs' claims are typical of the claims of all members of the proposed class.

32. Plaintiffs' counsel are experienced in civil rights litigation, including Monell claims, civil rights class actions, actions involving multiple Plaintiffs in one action, and Fourth Amendment cases alleging illegal searches and seizures. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

# COUNT I
## 42 U.S.C. §1983: FOURTH AMENDMENT
**(Monell Official Capacity Claim Against Defendant, Schuyler County Sheriff's Office, on behalf of Plaintiffs and all others similarly situated)**

33. Plaintiffs and the members of the class re-allege and incorporate as if fully set forth herein all of the allegations above.

34. As a direct and proximate result of Defendant, Schuyler County Sheriff's Office's failure to ensure the Plaintiffs are allowed to use the shower facilities while in the custody of the Schuyler County Sheriff's Office lock-up facility without exposing their naked bodies, breasts and genitals to male and female Schuyler County Sheriff's Office employees and arrestees of the opposite sex, the Plaintiffs and the members of the class have suffered a loss of their Fourth Amendment right to be free from unreasonable searches and seizures, including their right to privacy.

35. In the absence of a class action allowing for money damages and declaratory relief, the members of the class will have no adequate or complete remedy at law to address the wrongs described herein. The declaratory relief sought by the class is necessary to prevent continued and future injury.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

a) Issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

b) Appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

c) Enter judgment declaring that Defendant Schuyler County Sheriff's Office's policies and practices described herein as applied to the class violate the Fourth Amendment of the U.S. Constitution;

d) Award Plaintiffs compensatory damages for the harm they suffered;

e) Award Plaintiffs their reasonable attorneys' fees and cost pursuant to 42 U.S.C. § 1988, and other applicable law; and

  f) Grant such other relief as this Court deems just and proper.

              Respectfully submitted,

            By: /S/Timothy J. Freiberg
              One of their attorneys

            By: /S/Louis J. Meyer
              One of their attorneys

**Timothy J. Freiberg**
**ARDC No. 6284816**
**FREIBERG LAW OFFICES**
**4320 Spring Creek Road**
**Rockford, IL 61107**
**(217)801-2733**
**(217)698-0203 (fax)**
**freiberglaw@gmail.com**

**Louis J. Meyer**
**ARDC No. 6290221**
**Meyer & Kiss, LLC**
**53 West Jackson Boulevard**
**Suite 724**
**Chicago, IL 60604**
**(312)765-0100**
**(312)585-7803 (fax)**
**louismeyer@meyerkiss.com**